RAWLS, Judge.
The primary question posed in this appeal from the final judgment of the trial court granting damages to appellees-plaintiffs for breach of a real estate contract by appellant-defendant is: What constitutes a long-term loan ?
The facts are not in material dispute. Plaintiffs, T. N. Abood, his sister Lavera Abood, and a brother George Abood, are the owners of a parcel of property in Jacksonville Beach, Duval County, Florida, which is improved by a small motel and a house. T. N. Abood managed this property for the family group. Prior to May 3, 1968, T. N. Abood negotiated with J. L. Todd Auction Company, auctioneers, to sell the subject property, agreeing to pay to them 10% of the sales price or the sum of $5,000 if the sale did not materialize. On May 3, 1968, the property was in the process of being auctioned. At this time H. I. Cone, Jr., a retired Army officer and a member of The Florida Bar who resided in the area where the property is situated, made known to an agent of Todd that he was interested in purchasing the property. T. N. Abood and his son, Attorney Norman J. Abood, met with Cone and agents of Todd in a room situated upon the property and dickered concerning the sale and purchase of same. Abood asked $65,000 for the property and Cone countered with an offer of $60,000. At the suggestion of one of Todd’s agents, the sale price of $62,500 was agreed upon between Abood and Cone. A contract was drawn on a J. L. Todd Auction Company form by Cone and Abood dictating the terms, and one of Todd’s agents writing same in his own handwriting. The material terms of the contract for the purposes of this controversy are as follows: Purchase price, $62,500; cash paid, $15,000 ($500 today plus $14,500 in 10 days); balance of $47,500, payable: “Balance on or before June 3, 1968 [the italicized words have been stricken] in 30 days subject to long term loan to be assured or obtained by buyer, if available, buyer may extend 30 days for closing if required.” This contract was then signed by Cone, as buyer, and T. N. Abood and his wife, Ejoinie Abood, as sellers. The contract was breached in every material respect by Cone, hence, this suit.
Cone, called as an adverse witness by plaintiffs, testified that there was a lot of discussion about what should go into the contract itself; “but, generally speaking, *171 the contract has all of the agreed terms.” In answer to a question as to who inserted the wording “Obtaining long term financing”, he stated:
“Basically, it was at my request; but, of course, I explained fully that my going through with this contract was conditional upon my obtaining a long term loan in the amount of $47,500.00 and, further, that I had to borrow on my insurance in order to raise the down payment. So, all of this was fully discussed. This, I think, reproduces the agreement.”
Cone further testified that he had a commitment to borrow $30,000 on a 10-year term, and plaintiffs were willing to accept the balance of $17,500 as a second mortgage for the same term. The only expert testimony adduced at the trial was that of the plaintiffs to the effect that financing for a period of 10 years for the subject property constitutes long-term financing within the general custom and meaning of financial institutions. Although Cone contacted Abood several times during the 30-day period and apparently was exerting every effort to consummate the transaction, he failed to take any affirmative action towards closing.
The trial judge sat as a trier of fact and specifically found in his final decree:
“7. That Defendant had a commitment to borrow $30,000.00 on a 10 year term and that Plaintiffs were willing to accept the balance of $17,500.00 as a second mortgage for the same term.
“8. That the commitment above mentioned was for a long term loan as contemplated by the parties and the written agreement in that the only testimony before the Court upon which the Court could base such a finding was that of an expert in the mortgage and financing profession, who testified that under the facts of this case, such a commitment would be considered a long term loan and Defendant offered no evidence to the contrary.

“11. That the subject property had a market value including real estate, structures and personalty at the time of the breach of $45,533.00.”
The Court then ordered that the plaintiffs recover from the defendant the sum of $16,467.00, together with interest from the date of the breach in the amount of $823.30, and costs.
Appellant Cone strenuously contends that the subject contract contravenes the statute of frauds in that it fails to disclose all the terms of the sale. Such contention is without merit. The subject contract is specific as to each and every term thereof save for the possible construction of the phrase “subject to long term loan”. Admittedly, this is not the wording of the scrivener nor of the seller but is the phrase chosen by the purchaser and inserted at his request. As stated by the trial judge in his final decree, the purchaser is an attorney licensed to practice law in the State of Florida, is actively engaged in business at Jacksonville Beach, and he “indicated his desire to buy the property in question and then and there assisted in dictating the terms under which he would purchase the said property, these terms being incorporated into the contract upon which Plaintiffs brought this suit.” The sellers adduced competent substantial testimony construing the ordinary meaning of the above quoted phrase in the usual course of utilization by financial centers. Defendant-purchaser did not at any stage of the trial introduce any testimony to contradict the meaning of long-term financing as applied to this transaction. The trial judge was eminently correct in his construction of the contract and in entering the final judgment.
Appellant raised several other points on this appeal challenging the authority of T. N. Abood to act as principal to sell the real estate which was jointly owned with his brother and sister, asserting *172 that T. N. Abood had the burden of proving his ability to convey a marketable title, and questioning the sufficiency of the evidence as to damages. Had appellant proceeded to comply with this contract rather than flagrantly breaching same, he might be in a position to raise these questions with reference to the authority of the principal and the marketability of the title; however, as noted above, such a stage was never reached solely due to the actions on the part of appellant by his breach of the contract. Further, it was affirmatively proven to the satisfaction of the trial court that T. N. Abood had complete authority to sell the subject property and was in a position to convey marketable title had appellant carried out his bargain as he agreed to do by the terms of the contract. As to the question of damages, there was competent substantial evidence to support the findings stated in the final judgment, and we will not attempt to substitute our judgment for that of the trial court.
The judgment appealed is affirmed.
JOHNSON, C. J., and CARROLL, DONALD K., J., concur.